STATE of Wisconsin, Plaintiff-Respondent,

v.

Denia HARRIS, Defendant-Appellant.

Court of Appeals

*No. 82–1889–CR. Submitted on briefs June 13, 1983.—Decided August 23, 1983.*

For the appellant the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Jerome S. Schmidt*, assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.    Denia Harris appeals the sentence portion of a judgment of conviction for attempted armed robbery and from an order denying her motion to modify the sentence. Harris contends that the trial court erroneously applied sec. 939.62, Stats., which allows an increased penalty for habitual criminality, in imposing sentence. Because Harris' sentence did not exceed the maximum penalty prescribed by law for her offense, we conclude that sec. 939.62 was not applied and we affirm.

On March 16, 1982, Harris was convicted of attempted robbery. The information charged that she was a "repeater" as defined in sec. 939.62(2), Stats., due to certain misdemeanor convictions on her record. The trial court considered her record of convictions in sentencing her to not more than three years. In doing so, the court also indicated that six months of the total sentence was being imposed because "[t]he repeater has been taken into consideration." Harris challenged this part of her sentence in a motion for modification on the ground that she was not a repeater within the meaning of sec. 939.62.

Harris argues that she does not fit the definition of a "repeater" under sec. 939.62(2). Since the trial court specified six months of her sentence was imposed due to the "repeater," Harris contends that portion of her sentence is void and should be vacated.

We conclude that since the trial court did not impose a sentence greater than the maximum allowed by law for a first offender, sec. 939.62 was not applied and we need not decide whether Harris was a repeater. The habitual criminality or repeater statute provides that, in the case of a repeater, "the maximum term of imprisonment prescribed by law for that crime may be increased" by not more than two years in a case such as this. Section 939.62 (1) (b), Stats. In this case, the trial court did not increase the maximum term prescribed by law. Harris' conviction for attempted armed robbery carried a maximum penalty of five years in prison. After considering a variety of relevant factors, including her conviction record, the trial court imposed a three-year sentence.

Since the sentence did not exceed the statutory maximum term for attempted armed robbery, the repeater statute was not applied. By its express terms, sec. 939.62 provides only for increases beyond "the maximum term . . . prescribed by law." To construe the statute as applying before the maximum term is imposed deprives its language of meaning. Neither party cites, nor have we found, any Wisconsin cases holding this statute or its predecessors applicable to sentences within the maximum term prescribed for a first offense.

Harris also argues that because the trial court referred to her criminal record and to the "repeater" at different points in the sentencing, it in effect used her criminal record twice in determining the length of her sentence, adding a six-month period under the repeater statute to a thirty-month sentence that already took her record into consideration. We disagree. The trial court pronounced a three-year sentence and, at the conclusion of the sentencing statement, noted that six months of the total was due to the repeater consideration. There is no indication that the court would have imposed a shorter

sentence had it accepted defense counsel's interpretation of the repeater statute. The statute neither mandates a six-month enhancement where applicable, nor prohibits such an enhancement within the maximum term where a criminal record does not meet the repeater definition. We must presume that the trial court acted reasonably in sentencing, *State v. Oliver*, 84 Wis. 2d 316, 324, 267 N.W. 2d 333, 336 (1978) ; *Harris v. State*, 75 Wis. 2d 513, 518, 250 N.W.2d 7, 10 (1977), and we see nothing in the record to persuade us that the trial court's apportionment of six months in consideration of the "repeater" was in addition to a prison term already enhanced by Harris' criminal record.

The trial court's repeater statement, by itself, does not transform an otherwise appropriate sentence into an excessive punishment. In *Green Bay Fish Co. v. State*, 186 Wis. 330, 338, 202 N.W. 667, 670 (1925), the defendant was sentenced to the maximum penalty provided for a first offense. Although the information charged a prior conviction, the record contained no proof of the prior conviction. On appeal, the defendant argued that the trial court erroneously applied the repeater statute then in effect. The supreme court concluded :

While the court stated in response to a question of counsel that the sentence imposed was because of a prior conviction, in view of the fact that the sentence imposed is authorized for a first offense, it will not be considered material error . . . although it might be . . . where the penalty is severe . . . .

*Id.* at 337, 202 N.W. at 670. While this case is not directly on point, it lends support to the conclusion that, even assuming Harris was not a repeater as defined in sec. 939.62, the sentence need not be interfered with. There is a strong policy in this state against interference with the trial court's sentencing discretion. *Oliver*, 84 Wis. 2d at 323, 267 N.W.2d at 336; *State v. Smith*, 100 Wis. 2d 317, 323, 302 N.W.2d 54, 57 (Ct. App. 1981).

The trial court, in a proper exercise of discretion, imposed a sentence within the limits set by statute. Having done so, it indicated what portion of that sentence was attributed to its determination that Harris was a repeater. Whether Harris qualified as a repeater under sec. 939.62(2) is not material since that section was not applied. Regardless of whether sec. 939.62 applied, the trial court was entitled to consider Harris' past criminal behavior in imposing a sentence within the limits set by statute.

We read the trial court's commentary as an apportionment of part of the sentence to the consideration of Harris' criminal record. The weight to be attached to such factor is "a determination particularly within the wide discretion of the trial court." *Harris*, 75 Wis. 2d at 520, 250 N.W.2d at 11. While it may be irregular for a trial court to attribute a specific portion of a sentence to a particular sentencing criteria, it is not an abuse of discretion. This conclusion is bolstered by analogy to sec. 973.12(2), Stats., which provides that, where the repeater statute has been applied, the trial court commits no reversible error by specifying the amount imposed due to the repeater statute.[1]

We conclude that the trial court, at most, committed harmless error in sentencing Harris by referring to the

---

[1] It could be argued that § 973.12(2), Stats., indicates that the legislature intended to allow enhancement of sentences through § 939.62, Stats., within the established maximum terms. If not, § 973.12(2) is concerned only with an apportionment of that part of the sentence exceeding the statutory maximum, which would be obvious in any event. As noted earlier, however, § 939.62 provides only for increases beyond "the maximum term . . . prescribed by law." Full meaning is given to the language of both statutes by reading § 939.62 as applying only after the maximum term is imposed, and the absolution of § 973.12(2) as necessary only when the trial court apportions an increase over the maximum term due to the defendant being a repeater.

"repeater." Because sec. 939.62 was not applied, the judgment and order are affirmed.

*By the Court.*—Judgment and order affirmed.