STATE of Wisconsin, Plaintiff-Respondent,

v.

Greg JAMES, Defendant-Appellant.†

Court of Appeals

*No. 91–0135–CR. Submitted on briefs September 6, 1991.—Decided May 14, 1992.*

(Also reported in 485 N.W.2d 436.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Jack E. Schairer,* assistant state public defender, and *Keith A. Findley,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Christopher G. Wren,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Greg James appeals from a judgment convicting him of felon in possession of a firearm, contrary to sec. 941.29, Stats., and from an order denying postconviction relief. The substantive issue is whether the constitutional prohibition against double jeopardy prevents the use of a prior felony conviction to prove the charge of felon in possession and to prove that the defendant is a repeater for sentence enhancement purposes under sec. 939.62, Stats.[1] We conclude it does

---

[1] Section 941.29, Stats., provides in relevant part:

(1)   A person is subject to the requirements and penalties of this section if he or she has been:

not. We affirm.

In April 1984, James was convicted of burglary, a Class C felony.[2] In March 1989, he was charged with being a felon in possession of a firearm as a repeater. He pleaded guilty to the possession charge and acknowledged his repeater status. Without the repeater enhancement, the maximum sentence on the possession charge was two years.[3] Using the repeater statute, sec. 939.62, Stats., the trial court imposed a six-year sentence.

James sought postconviction relief under sec. 974.06, Stats., contending that the sentence subjected him to double jeopardy. The trial court denied the motion, and he appeals.

(a) Convicted of a felony in this state.

. . ..

(2) Any person specified in sub. (1) who, subsequent to the conviction for the felony or other crime, as specified in sub. (1), . . . possesses a firearm is guilty of a Class E felony.

Section 939.62, Stats., provides in relevant part:

(1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

. . ..

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

. . ..

(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced . . ..

[2] Section 943.10(1), Stats. (1983–84).

[3] Section 939.50(3)(e), Stats.

We first decide whether, as the state contends, James waived the right to raise the constitutional issue. Section 974.06(4), Stats., provides:

> All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

The state argues that James waived his double jeopardy claim by failing to raise it at the trial, at the sentencing hearing, or by a sec. 809.30, Stats., motion.[4] The state relies on *State ex rel. Dismuke v. Kolb,* 149 Wis. 2d 270, 274, 441 N.W.2d 253, 254 (Ct. App. 1989), where we said that a "prisoner's failure to assert a particular ground for relief in an initial postconviction motion bars the prisoner's assertion of the ground in a later motion, in the absence of justification for the omission."

*Dismuke* dealt with successive motions under sec. 974.06, Stats., and that was the subject-matter discussed in the quotation from *Dismuke.* James has filed only one sec. 974.06 motion. That statute is "intended to reach constitutional and jurisdictional issues that were not raised in the original trial." *State v. Coogan,* 154 Wis. 2d 387, 403, 453 N.W.2d 186, 192 (Ct. App. 1990). It also reaches constitutional issues not raised by prior motion

---

[4]James had earlier filed a motion for postconviction relief under sec. 809.30, Stats., on nonconstitutional grounds.

other than under sec. 974.06. James did not waive the right to raise the double jeopardy issue.

We reject the state's contention that because, as will be later developed, James relies on legislative intent, and because sec. 973.13, Stats., provides a remedy for an excessive sentence, the issue before us lacks constitutional stature. Legislative intent is one factor when determining whether a type of double jeopardy has occurred. *Missouri v. Hunter,* 459 U.S. 359, 366 (1983). But the ultimate issue is whether double jeopardy occurred, and that is a constitutional issue. James has not attacked the sentence on grounds that it is excessive. He claims it is void because it unconstitutionally subjects him to double jeopardy.

We turn to the substantive issue. The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). James relies on the third protection. With respect to that protection, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter,* 459 U.S. at 366.

James argues that the legislature did not intend that the same conviction be used both to prove a possession charge and to enhance the penalty. He concludes that double jeopardy resulted when the state used his burglary conviction to prove the felon in possession charge and the repeater enhancement. We disagree.

The courts will assume that the legislature did "not intend to punish the same offense under two different

statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." *State v. Gordon,* 111 Wis. 2d 133, 138, 330 N.W.2d 564, 566 (1983) (quoting *Whalen v. United States,* 445 U.S. 684, 691–92 (1980)). We need not indulge that assumption here.

To ascertain legislative intent, we first look to the statute, sec. 939.62(1), Stats. *State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). Section 939.62(1) has already been declared to be "unambiguous in that reasonable, well informed persons could not disagree as to its meaning or become confused." State v. Harris, 119 Wis. 2d 612, 617, 350 N.W.2d 633, 636 (1984). By its own terms, it applies to "*any* crime for which imprisonment may be imposed." (Emphasis added.) It expressly excepts certain crimes: escape, sec. 946.42, Stats., and failure to report to jail, sec. 946.425, Stats. But it does not except the crime of felon in possession of a firearm, sec. 941.29, Stats. It applies to the crime of felon in possession.[5]

Moreover, the repeater enhancement is not a separate crime for which a defendant may be separately punished. *State v. Upchurch,* 101 Wis. 2d 329, 332 n.2, 305 N.W.2d 57, 59 n.2 (1981); *see also* sec. 973.12(2), Stats. Being a repeater is a status rather than an offense. *Har-*

---

[5]In an analogous context, the legislature has expressly excepted a crime from an enhancement provision. Section 939.63(1)(b), Stats., the penalty enhancement for possession or use of a dangerous weapon when committing a crime, expressly provides that it does not apply when the use is an element of crime charged.

*ris,* 119 Wis. 2d at 618, 350 N.W.2d at 636. Thus, the charges against James do not involve "two statutory provisions [which] proscribe the 'same *offense.*' " *Gordon,* 111 Wis. 2d at 138, 330 N.W.2d at 566 (emphasis added). We conclude that James' double jeopardy argument—that he has been subjected to multiple punishments for the same offense—has no merit.[6]

*By the Court.*—Judgment and order affirmed.

---

[6]James points to courts in other jurisdictions that have accepted his argument. Other courts agree with our holding. *See* Sara L. Johnson, Annotation, *Propriety of Using Single Prior Felony Conviction as Basis for Offense of Possessing Weapon by Convicted Felon and to Enhance Sentence,* 37 A.L.R.4TH 1168 (1985).