¶ 123.
PATIENCE DRAKE ROGGENSACK, C.J.
(concurring). I agree with much of the majority opinion's discussion and I concur in its result; however, I write to clarify that while our holding today permits a sentencing court to consider COMPAS, we do not conclude that a sentencing court may rely on COMPAS for the sentence it imposes. Because at times the *283 majority opinion interchangeably employs consider and rely when discussing a sentencing court's obligations and the COMPAS risk assessment tool, our decision could mistakenly be read as permitting reliance on COMPAS.[1] Therefore, I write to clarify for the reader.[2]
¶ 124. At sentencing, the circuit court is to consider three primary factors: gravity of the offense, character of the offender and the need to protect the public. State v. Alexander, 2015 WI 6, ¶ 22, 360 Wis. 2d 292, 858 N.W.2d 662. A circuit court's proper exercise of sentencing discretion includes an individualized sentence based on the facts of the case and may include explaining how the sentence imposed furthers the circuit court's objectives. Id. (citing State v. Harris (Landray M.), 2010 WI 79, ¶ 29, 326 Wis. 2d 685, 786 N.W.2d 409).[3]
¶ 125. A sentencing court must articulate the factors that it considered at sentencing and how they affected the sentence it imposed. State v. Harris (De- *284 nia), 119 Wis. 2d 612, 623, 350 N.W.2d 633 (1984). It is through this articulation that we determine whether the circuit court properly exercised its sentencing discretion. Id. Defendants have a due process right not to be sentenced in reliance on improper factors such as on race or gender. Harris (Landray M.), 326 Wis. 2d 685, ¶ 33.
¶ 126. The circuit court's consideration of various sentencing factors is afforded a "strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." State v. Gallion, 2004 WI 42, ¶ 18, 270 Wis. 2d 535, 678 N.W.2d 197 (internal quotation marks omitted). Therefore, a circuit court's sentencing decision is upheld unless it exhibits an erroneous exercise of discretion by sentencing based on irrelevant or improper factors. Id., ¶ 17; Harris (Landray M.), 326 Wis. 2d 685, ¶ 30. In addition, any reference to a potentially improper sentencing factor is reviewed in the context of the circuit court's sentencing record as a whole. Harris (Landray M.), 326 Wis. 2d 685, ¶ 45.
¶ 127. As the majority opinion aptly explains, the circuit court here appropriately considered numerous sentencing factors when imposing sentence and merely mentioned the defendant's COMPAS risk assessment in passing.[4] The circuit court detailed the three primary sentencing factors and explained how the facts of the case warranted the sentence imposed.[5] Therefore, I agree with the majority opinion that circuit courts may consider a COMPAS risk assess *285 ment along with a multitude of other relevant factors at sentencing, as was done in this case.[6]
¶ 128. However, one of my concerns is that the certified question frames the issue presented as "whether the right to due process prohibits circuit courts from relying on COMPAS assessments when imposing sentence."[7] The majority opinion concludes that "if used properly with an awareness of the limitations and cautions, a circuit court's consideration of a COMPAS risk assessment at sentencing does not violate a defendant's right to due process."[8] I agree that "consideration" of COMPAS does not contravene defendant's right to due process.
¶ 129. However, the question presented on certification is whether due process prohibits circuit courts from relying on COMPAS, and then the majority opinion's answering that question in the negative, even though it employs the word "consideration," may cause the majority opinion to be read as permitting circuit court reliance on COMPAS. Stated otherwise, rather than merely considering COMPAS as one of many factors relevant to sentencing, the majority opinion, due to its interchangeable use of "rely" and "consider," together with the certified question, may be read to permit a circuit court to rely on COMPAS to determine the appropriate sentence. Reliance would violate due process protections. Accordingly, I write to clarify our holding in the majority opinion: consideration of COMPAS is permissible; reliance on COMPAS for the sentence imposed is not permissible.

 See, e.g., majority op., ¶¶ 8, 31, 48, 82, 85, 98-99.

 Contrary to the manner in which the majority opinion sometimes employs "consider" and "rely," they are not interchangeable. "Rely" is defined as "to be dependent" or "to place full confidence." Webster's New Collegiate Dictionary 977 (1974). Therefore, to permit circuit courts to rely on COMPAS is to permit circuit courts to depend on COMPAS in imposing sentence. On the other hand, "consider" is defined as "to observe" or to "contemplate" or to "weigh." Id. at 241-42. Therefore, to permit circuit courts to consider COMPAS is to permit circuit courts to observe a COMPAS risk assessment and weigh it along with other relevant factors in imposing sentence.

 See State v. Gallion, 2004 WI 42, ¶ 43 n.11, 270 Wis. 2d 535, 678 N.W.2d 197 which identifies numerous, supplemental sentencing factors that circuit courts may consider under the appropriate circumstances of each case.

 Majority op., ¶¶ 85, 107-09.

 Id., ¶¶ 85, 104-10.

 Id,., ¶¶ 105, 109-10.

 State v. Loomis, No. 2015AP157—CR, 2015 WL 5446731, 1 (Wis. Ct. App. Sept. 17, 2015) (emphasis added).

 Majority op., ¶ 104 (emphasis added).