COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP121-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF452

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

DANIEL T. FESKO,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Racine County: MAUREEN M. MARTINEZ, Judge. *Affirmed.*

        Before Neubauer, Grogan and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Daniel Fesko appeals from a judgment of conviction for six counts of possession of child pornography and from an order denying postconviction relief on the basis of alleged sentencing errors. Fesko primarily contends that the circuit court erroneously exercised its discretion at sentencing and relied upon inaccurate information. We conclude the court properly exercised its discretion when it fashioned a sentence structure that resulted in fifteen years' initial confinement. Accordingly, we affirm.

## BACKGROUND

¶2 A police investigation revealed that Fesko owned an IP address connected to a peer-to-peer network suspected of distributing child pornography. After executing a search warrant at Fesko's home, police uncovered four child pornography videos on his desktop computer's hard drive. Further forensic investigation recovered eight more videos that had been manually deleted.

¶3 Fesko was charged with twelve counts of possession of child pornography in violation of WIS. STAT. § 948.12(1m) (2021-22).[1] Pursuant to a global plea agreement that resolved this case as well as another Racine County case, Fesko pleaded guilty to six of the charges. The remaining six charges were dismissed and read in. The mandatory minimum for the sentence was three years' initial confinement, and each count carried a maximum of fifteen years' initial confinement. *See* WIS. STAT. §§ 939.617(1); 948.12(3)(a); 973.01(2)(b)4.

¶4 At sentencing, the circuit court began its sentencing remarks by stating it had read the Department of Correction's Pre-Sentencing Report (PSI),

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

which was a joint report for both Racine County cases. For the six child pornography possession charges to which he pleaded guilty, the report recommended an initial confinement period of four to five years, followed by two to three years of extended supervision.

¶5 The PSI contained two victim impact statements unrelated to Fesko's child pornography offenses. The first was a victim impact statement from the other case resolved by Fesko's global plea agreement; the circuit court explicitly refused to consider that victim impact statement. The report also contained a Shawano County victim impact statement from a child pornography victim who was not connected to the videos found in Fesko's possession, but at no point in its sentencing remarks did the court make any express reference to the Shawano County impact statement.

¶6 The circuit court's primary focus at sentencing was the protection of the public and gravity of the offense, although the court also stated that it hoped for Fesko's rehabilitation. The court set the tenor for its analysis by framing the term "child pornography" as inadequate and agreeing with "professionals and researchers in the field" that Fesko had in fact collected "child sexual abuse images." The court explained that "when you perpetuate the images of child sexual abuse, you perpetuate it forever." The court then made clear Fesko's perpetuation of these images had significant impact for the victims:

> Mr. Fesko, I know that you didn't think about this when you were doing this, but victims are continually traumatized when they think about how many people are looking at their images on the Internet at any minute of the day. They're consumed by the realization that they did not know anything about the identity of those viewing images, and they have a general feeling of being unsafe, sexualized, and victimized … Those images of children being sexually assaulted are viewed over and over and over again by all kinds of people. Victims depicted in child pornography can

> suffer ongoing daily experiences of victimization for which they somehow have to develop a coping strategy. That's overwhelming.

The court placed considerable emphasis on the traumas child sexual assault victims endure when images of their abuse are obtained and kept, as Fesko had done.

¶7 After cataloguing the gravity of Fesko's offense and the danger his behavior posed to the public, the circuit court considered Fesko's personal mitigating factors. The court believed Fesko was remorseful and said, "I think you're a good person in some – in many ways." The court acknowledged that Fesko "provided for [his] family," had "a good education," and "a fine employment record." Yet, the court explained that "I do think that protection of the public is overwhelming for me in my decision about how much time or what should happen to you. Clearly, you have to do three years minimum, but … I don't think that's enough." The court sentenced Fesko to five years of initial confinement and five years of extended supervision on all counts, with counts one, three, and five consecutive to one another, and counts seven, nine, and eleven concurrent to the others.

¶8 After identifying the length of Fesko's sentences, the circuit court asked counsel to clarify whether Fesko was eligible for the Challenge Incarceration or Substance Abuse early release programs. The State proffered that Fesko was ineligible for the Substance Abuse program because he was sentenced on a "948 crime," which explanation the court accepted, saying, "Oh, he's not going to be eligible for that one." Later, the court returned to the topic, asking, "I think you're eligible for challenge incarceration, but not earned release; right? Is it the other way around?" Fesko's counsel replied that because of Fesko's age, he

would likely not be admitted to the Challenge Incarceration program, so "as a practical matter" that program was "not going to be an issue." The judgment of conviction form marked Fesko as ineligible for both the Challenge Incarceration and Substance Abuse early release programs.

¶9 Fesko moved for resentencing, arguing that the circuit court erroneously exercised its discretion and relied upon inaccurate information. In particular, Fesko argued that the court: (1) failed to provide a reasoned explanation for its sentence; (2) improperly consulted the Shawano County victim impact report, as it was unrelated to any of the videos found in Fesko's possession; and (3) failed to explain the consecutive/concurrent structure of the sentences. Fesko further asserted that the court sentenced him to a longer period of initial confinement because of an inaccurate belief about his statutory eligibility for the Substance Abuse early release program.

¶10 At the motion hearing, the circuit court rejected all of these arguments. First, the court insisted that it had always meant to make Fesko eligible for both programs. The court stated that its practice was to let a defendant participate in the programming if a defendant was statutorily eligible. The court acknowledged that it had not communicated these concepts well during its sentencing remarks and that the judgment of conviction form did not reflect its intent. Accordingly, the court entered an amended judgment of conviction that made Fesko eligible for both programs.

¶11 The circuit court then concluded it had properly exercised discretion when imposing sentence. The court clarified its protection of the public comments explaining: "[T]his is a machine that produces child pornography or images of child sexual assault. It goes on all over the world, and everyone who participates

in it adds to the machine … that's what I was talking about when I'm talking about protection of the public." The court made no mention of the Shawano County victim report, but acknowledged it "relied on the research" that illustrated how the online viewing of child sexual assault media perpetuates their psychological traumas. The court then clarified that it chose three counts to run consecutively because for each video, "[i]t's different children that he victimized by watching." The court followed with a graphic and detailed description of the three videos on which Fesko received consecutive sentences to illustrate the severity of his crimes. The court stated it chose to run three of six sentences consecutive because "in my mind, 15 years for participating in a machine that destroys little children is a minimum." The court denied Fesko's motion for resentencing, which he now appeals.

## DISCUSSION

¶12 On appeal, Fesko renews his arguments that the circuit court erroneously exercised its discretion in fashioning his sentence, challenging in particular the length of his sentence, its consecutive/concurrent design, and the court's use of allegedly improper factors. Fesko also contends the court endorsed a prohibited sentencing policy and relied upon improper information. For the reasons stated below, all of these arguments fail.

¶13 This court has "a consistent and strong policy against interference with the discretion of the [circuit] court in passing sentence." *State v. Gallion*, 2004 WI 42, ¶18, 270 Wis. 2d 535, 678 N.W.2d 197 (citation omitted). Our appellate review is limited to whether the court has erroneously exercised its discretion. *Id.*, ¶17. Appellate courts afford sentencing decisions "a strong presumption of reasonability," as the sentencing court is best suited to review the

6

facts and the defendant's demeanor. *Id.*, ¶18 (citation omitted). Furthermore, defendants have a constitutional due process right to be sentenced on accurate information, and we review whether a court relied on inaccurate information or an improper factor at sentencing de novo. *State v. Tiepelman*, 2006 WI 66, ¶26, 291 Wis. 2d 179, 717 N.W.2d 1.

## I.     *Length of sentence*

¶14     First, Fesko asserts that the circuit court failed to justify the total fifteen-year period of initial confinement. Sentencing courts must do more than pronounce a decision; courts must exhibit reasoned discretion through an on-the-record "process of reasoning." *Gallion*, 270 Wis. 2d 535, ¶3 (citation omitted). This process of reasoning "must explain, in light of the facts of the case, why the particular component parts of the sentence imposed advance the specified objectives." *Id.*, ¶42. Courts must impose the minimum amount of confinement necessary to achieve these objectives. *Id.*, ¶44. A defendant is entitled to resentencing if the sentencing explanation lacks a demonstrated judicial reasoning process. *State v. Hall*, 2002 WI App 108, ¶21, 255 Wis. 2d 662, 648 N.W.2d 41.

¶15     Fesko contends that his sentence is "inexplicabl[e]" in that there was no demonstrated judicial reasoning process reflected in the circuit court's sentencing remarks. Fesko observes that the PSI author recommended that he serve "a confinement term of 4-5 years." Based upon the PSI recommendation and the statutory minimum three-year term of initial confinement, Fesko argues the court should have explained why it did not choose these lower sentences.

¶16     Fesko further argues that the circuit court's fifteen-year term of initial confinement was detached from the facts of his crimes. Fesko argues the court should have considered that Fesko's possession of just twelve videos—eight

of which were deleted—warranted a lower sentence, particularly when compared to other offenders who possessed virtual libraries of child pornography. Fesko also contends that the "vast portion" of the court's justification for his sentence focused on one factor, the gravity of his offense, and its remarks failed to show how his sentence "was necessary to protect the public from *this* defendant, who had no prior record and who possessed a total of only twelve images …."

¶17 Fesko's arguments call for a precision that case law rejects. *Gallion*'s requirements are not meant "to be a semantic trap for circuit courts." *Gallion*, 270 Wis. 2d 535, ¶49. A PSI report's sentencing recommendation is one of many optional factors a court may consider, and a court has no obligation to explicitly raise and dismiss the sentence recommended therein. *State v. Harris*, 119 Wis. 2d 612, 623-24, 350 N.W.2d 633 (1984). The court also had no obligation to discuss defense counsel's sentencing recommendation or to consider what sentence other courts might have imposed on Fesko or on other defendants convicted of similar offenses. See *Gallion*, 270 Wis. 2d 535, ¶47 (stating courts may use counsel's recommendations for the nature and duration of the sentence and may consider how courts have issued sentence in similar cases).

¶18 The circuit court had to provide only "an explanation for the general range of the sentence imposed," *id.*, ¶49, which it sufficiently did here. The court juxtaposed Fesko's mitigating factors—support for his family, his lack of a criminal record, his good employment history, and his expressions of remorse— against the "overwhelming" weight it gave to protection of the public. The court explicitly stated that a single three-year minimum term of initial confinement was not enough, and that Fesko's crimes deserved a fifteen-year term of initial confinement.

¶19   Fesko's insistence that the circuit court failed to explain the "overwhelming" weight it gave to the protection-of-the-public factor is also incorrect.   The court's reasoning exhibits the valid exercise of sentencing discretion.   The court applied the facts of the case to its sentencing objectives: it expressed hope that incarceration would help rehabilitate Fesko, it illustrated, in bold and poignant terms, the gravity of Fesko's offenses through the traumas child sexual abuse victims endure when the images are distributed, and it explained that possessing child pornography contains an inherent danger for the community because "when you perpetuate the images of child sexual abuse, you perpetuate [that abuse] forever."   The court's reasoning provides an adequate nexus between the facts of the case, the sentencing objectives identified by the court, and its imposed sentence.   Fesko's semantic deconstruction of the sentencing transcript fails to establish defective judicial reasoning.

¶20   In his reply brief, Fesko takes the circuit court's clarifying statements at the postconviction hearing out of context and argues the court punished Fesko as a producer and distributor, rather than as "one who merely watches" child pornography.   In particular, Fesko points to the following statement by the court (his emphasis included):  "[T]his is a machine that *produces* child pornography or images of child sexual assault.   It goes [on] all over the world, and everyone who participates in it adds to the machine … Almost all *distribution* occurs online *which is exactly what this defendant did*."  (Omission in original).

¶21   Considered in their proper context, the circuit court's postconviction hearing comment does not indicate that it was sentencing Fesko as a producer and distributor.   The court was explaining that Fesko's role as an online consumer of child pornography drives demand for a process that produces and distributes the

prohibited content. The court's comments match Fesko's own acknowledgement of the role his crime played in this machine at his sentencing:

> I realize that, you know, this is a horrible crime. I do take responsibility, and based off of what you said earlier, that's correct, they are victims. And by downloading that you're basically promoting the recirculation of that type of thing.

The court's comments demonstrate that it properly framed Fesko's position in the child pornography market as a possessor of child pornography.

## II. Consecutive sentencing

¶22 Second, Fesko argues that the circuit court failed to explain the consecutive/concurrent structure of his sentences, resulting in a fifteen-year term of initial confinement. Fesko argues that the court failed to comply with *Hall*, which he claims held that when a court departs from a presumption that sentences are served concurrently, it must provide "a statement of reasons for the selection of consecutive terms." Fesko argues the court failed to sufficiently explain why it singled out three of the six sentences to be served consecutively instead of concurrently.

¶23 Fesko's argument fails to acknowledge precedents that reject his reading of Hall. In *State v. Berggren*, 2009 WI App 82, ¶45, 320 Wis. 2d 209, 769 N.W.2d 110, we explained: "*Hall* did not, however, establish a new procedural requirement at sentencing that the [circuit] court state separately why it chose a consecutive rather than a concurrent sentence." On the contrary, a court may "exercise[] its discretion in imposing consecutive or concurrent sentences by considering the same factors as it applies in determining sentence length." *Berggren*, 320 Wis. 2d 209, ¶46. The court's sentencing remarks reflect a consideration of the proper factors to support the structure of Fesko's sentence.

No unique explanation for the concurrent or consecutive design of the sentence was required.

### III.    *Improper factors*

¶24    Third, Fesko argues that the Shawano County victim impact statement was an improper factor that the circuit court relied upon when fashioning his sentence.   A court erroneously exercises its discretion when it "actually relies on clearly irrelevant or improper factors" when imposing sentence. *State v. Harris*, 2010 WI 79, ¶66, 326 Wis. 2d 685, 786 N.W.2d 409.   A court relies on an improper factor when the court pays "explicit attention" to that factor such that the factor forms "the basis for the sentence." *State v. Alexander*, 2015 WI 6, ¶25, 360 Wis. 2d 292, 858 N.W.2d 662 (citations omitted).   The defendant bears the burden of establishing reliance upon an improper factor through clear and convincing evidence, *id.*, ¶17, and we examine the entire sentencing transcript to decide whether that burden was met, *id.*, ¶25.

¶25    Fesko argues that there were similarities between the circuit court's sentencing comments and the Shawano County victim's impact statement, and that this establishes that the court gave explicit attention to the statement.  In particular, Fesko points to the court's comments that victims feel a "loss of control, powerlessness, helplessness, shame, and fear," that victims "have a general feeling of being unsafe," and that "a fact of permanence is an extra heavy burden" for victims with their images being circulated online.  The Shawano County victim said similar things about her victimization, and Fesko argues the court must have come up with its generalizations after reading the Shawano County victim's statement.

¶26 The circuit court's congruous comments here are simply common-sense reflections on what many victims of child pornography endure. Acknowledgment of the general experiences of such victims does not establish explicit attention to a different victim's similar experience. The court never specifically referred to the Shawano County victim or to their impact statement, nor did the court refer to facts unique to that victim's experience.

¶27 On the contrary, the circuit court explicitly pointed to other sources for its information. The court began describing the gravity of Fesko's offense by noting what the "National Center for victims of crimes … against children" had written about child pornography. It further pointed to an "enormous amount of studies" that had been done when cataloguing the traumas suffered by victims.

¶28 Fesko also argues his reliance argument is buttressed by the fact that the circuit court explicitly rejected consideration of one victim impact statement, but did not make a similar remark about the Shawano County victim impact statement. The court's failure to explicitly disregard the Shawano County victim impact statement does not establish reliance absent a more direct reference to that specific victim's commentary. We are unconvinced that it is "highly probable or reasonably certain" that the court gave explicit attention to the Shawano County victim impact statement. *See Harris*, 326 Wis. 2d 685, ¶35.

### IV. *Prohibited sentencing policy*

¶29 Fourth, Fesko alleges that the circuit court's fifteen-year sentence was preconceived to punish Fesko without consideration of any individual mitigating factors. Defendants are entitled to an individualized sentence that reflects the circumstances of their particular crime. *Gallion*, 270 Wis. 2d 535, ¶48. Accordingly, courts may not entertain a "predisposition … so specific or

rigid so as to ignore the particular circumstances of the individual offender." ***State v. Rector***, 2023 WI 41, ¶47, 407 Wis. 2d 321, 990 N.W.2d 213 (citation omitted).

¶30 Contrary to Fesko's argument, the Record shows that the circuit court imposed an individualized sentence. As explained above, the court adequately discussed relevant sentencing factors and their relationship to the court's articulated sentencing objectives, in particular acknowledging Fesko's lack of criminal history, remorse, and good traits. Fesko therefore cannot establish the court "ignore[d] the particular circumstances of the individual offender." *See **id.***

¶31 Fesko also takes a literal interpretation of the circuit court's postconviction statement that "in my mind, 15 years for participating in a machine that destroys little children is a minimum." He argues it reflects the court's belief that fifteen years' initial confinement is, in all cases, the minimum sentence it will impose for possession of child pornography.

¶32 Fesko's argument improperly strips the circuit court's comment of its context. Prior to making the comment, the court provided a detailed and graphic description of the child sexual abuse shown in the videos connected to the counts for which Fesko received consecutive sentences. The court was not referring to participation in an abstract machine, or the harm inflicted upon children in general by the proliferation of child pornography. Rather, the court clearly had in mind the specific victims of the child pornography that Fesko possessed—and Fesko's culpability in viewing those videos—when it described what it regarded as the minimum sentence for Fesko's conduct.

### V. *Inaccurate information*

¶33     Fesko's fifth and final argument is that the circuit court gave him a longer period of incarceration than it intended due to its incorrect belief that Fesko was statutorily ineligible for early release.[2]     Resentencing is warranted if the defendant shows that the court actually relied on inaccurate information at sentencing.  *Tiepelman*, 291 Wis. 2d 179, ¶26.  A court actually relies upon inaccurate information when it gives "explicit attention" or "specific consideration" to the inaccurate information, such that it "formed part of the basis for the sentence."  *State v. Travis*, 2013 WI 38, ¶28, 347 Wis. 2d 142, 832 N.W.2d 491.

¶34     Fesko's argument is inextricably connected to his fifteen-year term of initial confinement, but the Record fails to demonstrate that the circuit court imposed the fifteen-year term with Fesko's eligibility for early release in mind. No part of the sentencing transcript suggests that early release eligibility was a specific consideration when fashioning the total term of initial confinement.  On the contrary, the court was confused about Fesko's eligibility and did not seek clarification from the parties until after it imposed sentence.  Given that the court imposed the fifteen-year total term of initial confinement without knowing Fesko's

---

[2] We acknowledge that the State argues that defense counsel forfeited this argument through failure to object to inaccurate information.  However, mindful that both parties have fully briefed the argument, we nevertheless choose to consider the issue.  *State v. Moran*, 2005 WI 115, ¶31, 284 Wis. 2d 24, 700 N.W.2d 884.

early release eligibility, any mistaken belief about Fesko's eligibility could not have "formed part of the basis for [the court's] sentence." *See id.*, ¶28.[3]

> *By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Inaccurate information claims are also subject to a harmless error analysis. **State v. Travis**, 2013 WI 38, ¶73, 347 Wis. 2d 142, 832 N.W.2d 491. Because we have held no error occurred in the first place, we do not consider this argument.