State of Wisconsin, Plaintiff-Respondent,
v.
Loren C. Alliet, Defendant-Appellant.
No. 03-3462-CR.
Court of Appeals of Wisconsin.
Opinion Filed: November 9, 2004.
Before Wedemeyer, P.J., Fine and Kessler, JJ.
¶1 PER CURIAM.
Loren C. Alliet appeals from a judgment entered after he pled guilty to possession of more than 500 but fewer than 2,500 grams of tetrahydrocannabinols, with the intent to deliver. See WIS. STAT. § 961.41(1m)(h)2 (1999-2000).[1] He also appeals from an order denying his postconviction motion. Alliet claims that: (1) he should be allowed to withdraw his guilty plea because he contends that his trial lawyer was ineffective; (2) the trial court erred when it denied his ineffective-assistance claim without a hearing under State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979); and (3) the trial court erroneously exercised its sentencing discretion when it relied on an allegedly improper factor. We affirm.

I.
¶2 Loren C. Alliet was charged with the possession of a controlled substance, with the intent to deliver it, after the police found marijuana in the trunk of his car. According to the complaint, two City of Milwaukee police officers were on patrol on October 7, 1999, when they saw a man, who was later identified as Aaron Carr, breaking into the trunk of a car. When Carr appeared to see the police, he ran from the car and into a house at 2256 North Hi Mount Boulevard. The police went up to the car and saw in the trunk garbage bags containing what looked like marijuana to them.
¶3 The police then went to the house on Hi Mount Boulevard and knocked on the door. A woman answered the door and gave them permission to enter. Before the police went into the house, Alliet walked up and told the police that the car they saw, and everything inside of it, was his. Alliet further told the police that he had given Carr permission to drive his (Alliet's) car. The police removed three garbage bags from the trunk of Alliet's car and determined that the bags contained 306.97, 445.42, and 636.35 grams of marijuana respectively.
¶4 Alliet pled not guilty to the possession-of-marijuana charge, and the case was set for trial. Before the trial, the State amended the information to include three additional charges: failure to pay controlled substance tax, possession of drug paraphernalia, and keeping a drug car. On October 30, 2000, the day Alliet's trial was supposed to start, Alliet pled guilty to the charge of possession of more than 500 but fewer than 2,500 grams of marijuana, with the intent to deliver, and the State agreed to dismiss the additional charges. The trial court found Alliet guilty and commented that, "I guess we don't have a DNA order since it is a 1999 case." The case was then adjourned for sentencing.
¶5 Alliet did not show up for sentencing, and the trial court ordered his arrest. In 2001, Alliet was charged with, and a jury found him guilty of, an armed robbery that he committed on April 4, 2001.[2] Alliet returned to court for the marijuana case in 2002, and, with a new lawyer, sought to withdraw his guilty plea for the following reasons:
 He claimed that the lawyer who represented him at the plea-hearing "did not fully explain the ramifications of the guilty plea or the negotiated offer from the State."
 He claimed that "he felt pressured and ... he did not have enough time to fully consider the plea offer."
 He claimed that "[e]ven though the [trial court] might have explained the maximum penalties he was not paying attention and; therefore, did not knowingly and voluntarily enter the plea of guilty."
After the State offered to recommend six months in prison, concurrent to the armed-robbery sentence, Alliet agreed to withdraw his motion and be sentenced.
¶6 At the sentencing hearing, the trial court asked Alliet's lawyer if it should be "concerned about" Alliet's motion to withdraw his plea. Alliet's lawyer told the trial court that Alliet had wanted to withdraw his plea because he felt that the lawyer who represented him at the plea hearing did not adequately communicate with him, and that a detective, who had agreed to use Alliet to make undercover drug buys, "somehow thwart[ed] his efforts at trying to work out the[] buys." Alliet's lawyer assured the trial court, however, that Alliet wanted to withdraw the motion and proceed with sentencing.
¶7 The trial court sentenced Alliet to five years in prison, concurrent to the armed robbery sentence, and ordered Alliet to submit a DNA sample pursuant to WIS. STAT. § 973.047.[3] Alliet's lawyer pointed out that Alliet had "already given the DNA sample so this is really moot." The trial court told Alliet's lawyer that its policy was to order a DNA sample and to let the Department of Corrections determine whether a sample was necessary.
¶8 Alliet filed a postconviction motion for a "new trial" (as noted, he had pled guilty) or, in the alternative, for resentencing, alleging that: (1) the lawyer who represented him at the plea hearing was ineffective; and (2) the trial court erroneously exercised its sentencing discretion.[4] The trial court denied the motion without a Machner hearing.

II.

A. Plea Withdrawal/Ineffective Assistance
¶9 Alliet alleges that he should be allowed to withdraw his guilty plea because the lawyer who represented him at the plea hearing was ineffective. After sentencing, a defendant is entitled to withdraw a plea if he or she establishes by clear and convincing evidence that failure to allow the withdrawal would result in a manifest injustice. State v. Black, 2001 WI 31, ¶9, 242 Wis. 2d 126, 624 N.W.2d 363. The manifest-injustice test is satisfied if the defendant's plea was the result of the ineffective assistance of counsel. State v. Washington, 176 Wis. 2d 205, 213214, 500 N.W.2d 331, 335 (Ct. App. 1993).
¶10 In order to prove ineffective assistance of counsel, a defendant must show: (1) deficient performance; and (2) prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must point to specific acts or omissions of counsel that are "outside the wide range of professionally competent assistance." Id. at 690. In the context of a plea withdrawal, to prove prejudice, the defendant must demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he or she would not have pled guilty, and would have insisted on going to trial. State v. Bentley, 201 Wis. 2d 303, 312, 548 N.W.2d 50, 54 (1996).
¶11 Our standard for reviewing this claim involves mixed questions of law and fact. State v. Johnson, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 848 (1990). Findings of fact will not be disturbed unless clearly erroneous. Id. The legal conclusions, however, as to whether counsel's performance was deficient and prejudicial, present questions of law. Id., 153 Wis. 2d at 128, 449 N.W.2d at 848. Finally, we need not address both Strickland prongs if the defendant fails to make a sufficient showing on either one. Id., 466 U.S. at 697.
¶12 In an affidavit attached to his postconviction motion, Alliet alleged that the lawyer who represented him at the plea hearing in 2000 "assured [him] that the DNA submission requirements of the law did not apply to [his] case." He points out that WIS. STAT. § 973.047, however, obligates a trial court to require anyone convicted of a felony on or after January 1, 2000, to provide a DNA sample.[5]See 1999 Wis. Act 9, §§ 3202k, 9458(2x). Alliet thus alleges that the lawyer gave him erroneous advice and, that he would not have pled guilty if he had known that by entering a guilty plea to the marijuana charge he would have been required to submit a DNA sample. This claim fails on the prejudice prong.
¶13 Alliet has not established that the lawyer's allegedly erroneous advice was material to his decision to plead guilty for two reasons. First, he continued with the sentencing hearing in 2002, agreed to take back his motion to withdraw his guilty plea to the marijuana charge, and did not before the end of the sentencing hearing seek to reinstate his motion to withdraw his guilty plea (and add to that motion the DNA-sample claim). Second, he had already given a DNA sample before the 2002 sentencing (as his sentencing-hearing lawyer told the trial court). This means that the DNA-sample aspect of his guilty plea in 2000 was then moothis sample was already on file by the 2002 sentencing, and possibly having to give it again could not prejudice him. Accordingly, as a matter of law, either having to give a DNA sample as a result of the 2000 marijuana conviction, or being told in 2000 that he would not have to give such a sample, could not have been reasons for him seeking to withdraw his plea after the 2002 sentencing.

B. Machner Hearing

¶14 Alliet claims that the postconviction court erred when it denied his ineffective-assistance claim without holding a Machner hearing. We disagree. A trial court must hold a Machner hearing if the defendant alleges facts that, if true, would entitle the defendant to relief. See Bentley, 201 Wis. 2d at 309, 548 N.W.2d at 53.
However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing.
State v. Allen, 2004 WI 106, ¶9, ___ Wis. 2d ___, 682 N.W.2d 433. As we have seen, the record conclusively demonstrates that Alliet is not entitled to relief on his plea-withdrawal/ineffective-assistance claim. Accordingly, the trial court did not erroneously exercise its discretion when it denied Alliet's postconviction motion without a Machner hearing.

C. Sentencing 
¶15 Alliet claims that the trial court erroneously exercised its discretion when it relied on an allegedly improper factor at sentencing. Sentencing is committed to the discretion of the trial court and our review is limited to determining whether the trial court erroneously exercised its discretion. McCleary v. State, 49 Wis. 2d 263, 278, 182 N.W.2d 512, 520 (1971). A sentencing court erroneously exercises its discretion when it "reli[es] upon factors which are totally irrelevant or immaterial to the type of decision to be made." Harris v. State, 75 Wis. 2d 513, 518, 250 N.W.2d 7, 10 (1977) (quoted source omitted). A strong public policy exists against interfering with the trial court's discretion in determining sentences, id., and a defendant "must show some unreasonable or unjustified basis in the record for the sentence imposed," State v. Borrell, 167 Wis. 2d 749, 782, 482 N.W.2d 883, 895 (1992).
¶16 The three primary factors a sentencing court must consider are the gravity of the offense, the character of the defendant, and the need to protect the public. State v. Harris, 119 Wis. 2d 612, 623, 350 N.W.2d 633, 639 (1984). The court may also consider the following factors:
"(1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) vicious or aggravated nature of the crime; (6) degree of the defendant's culpability; (7) defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentance and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention." Id., 119 Wis. 2d at 623624, 350 N.W.2d at 639 (quoted source omitted). The weight to be given to each of these factors is within the trial court's discretion. Ocanas v. State, 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975).
¶17 At the sentencing hearing in this case, the assistant district attorney told the trial court that Alliet was serving eight years of initial confinement and eleven years of extended supervision on the armed-robbery conviction. In response, the trial court asked if Alliet was appealing the armed-robbery conviction. Alliet's lawyer told the court that he was. Later, during its sentencing remarks, the trial court said:
I am also informed that you are appealing [the armed-robbery] conviction; and while I tend to agree with [your lawyer] when she says that eight years of initial confinement is enough to serve the kinds of purposes that we want to serve through confinement, that is to protect the community, to rehabilitate you, to make sure that you do not reoffend in the future, I do want my sentence to reflect the seriousness of the offense, your character and background, and my obligation to protect the community.
Alliet argues that these remarks show that the trial court "penalize[d]" him for exercising his right to appeal the armed-robbery conviction. We disagree.
¶18 The trial court's comments were proper. It noted that the crime was serious because of the amount of marijuana the police had found and because Alliet had a prior drug conviction. The trial court also opined that Alliet's character and background "concern[ed it] probably more than the nature of the offense" because Alliet had absconded before the trial court could impose sentence in the marijuana case, and had committed armed robbery while he was an absconder. The trial court referred to Alliet's appeal in this context; that is, the trial court wanted to assure itself that Alliet would spend sufficient time in prison even if his appeal was successful. Indeed, the trial court imposed this sentence concurrent to the armed-robbery sentence, which shows that it did not wish to impose additional prison time. The trial court properly exercised its sentencing discretion.
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 19992000 version unless otherwise noted.
[2] Although the date Alliet committed the armed robbery is not in the record, it appears on the Wisconsin Circuit Court Access site and we may take judicial notice of it. See WIS. STAT. RULE 902.01(1), (2)(b), 6.
[3] Alliet committed the marijuana crime on October 7, 1999. Therefore the bifurcated sentencing scheme of the truth-in-sentencing legislation does not apply. See WIS. STAT. § 973.01(1).
[4] Alliet also requested 540 days of sentence credit. The trial court granted him 20 days of credit. Alliet does not raise the sentence-credit issue on appeal. Thus, we do not address it. See Reiman Assocs., Inc. v. R/A Adver., Inc., 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (contentions not briefed are waived).
[5] WISCONSIN STAT. § 973.047(1f) provides: "If a court imposes a sentence or places a person on probation for a felony conviction, the court shall require the person to provide a biological specimen to the state crime laboratory for deoxyribonucleic acid analysis."