STATE of Wisconsin, Plaintiff-Respondent,

v.

Tommy LO, Defendant-Appellant.

Court of Appeals

*No. 98–2490–CR. Submitted on briefs April 13, 1999.—Decided May 27, 1999.*

(Also reported in 599 N.W.2d 659.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Margarita Van Nuland* of *Brinckman, Guth, Van Nuland, S.C.* of La Crosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Susan M. Crawford,* assistant attorney general.

Before Dykman, P.J., Eich and Vergeront, JJ.

EICH, J.    Tommy Lo pled guilty to being a party to the crime of aggravated battery with intent to cause substantial bodily harm, as a gang-related offense. He was convicted and placed on probation for ten years. He challenges the circuit court's imposition of a probation condition prohibiting him from having contact with "gang members," claiming it is unconstitutionally vague and overbroad. We disagree and affirm the judgment of conviction.[1]

A sentencing court may impose reasonable and appropriate conditions of probation. Section 973.09(1)(a), STATS. We review probation conditions to determine whether they serve the objectives of probation: rehabilitation and protection of the state and community interest. *State v. Miller,* 175 Wis. 2d 204, 208, 499 N.W.2d 215, 216 (Ct. App. 1993). Whether a condition of probation violates a defendant's constitutional rights is, of course, a question of law which we review de novo. *Id.*

Lo argues first that the condition that he "have no contact with gang members or be involved in any gang activities" violates his due process rights because it is

---

[1] As will be seen, we also remand for an agreed-upon correction to the judgment.

unconstitutionally vague. He argues that it is not clear from the terms of the condition, or from applicable statutory definitions "what standard or burden is required to term an individual a 'gang member.' " He asks: "[I]s an adjudication by a court necessary before a person can be labeled a criminal gang member . . . [or] is a mere allegation by a police officer that in his [or her] opinion someone is a gang member sufficient to categorize someone as a criminal gang member?" Without more definitive standards in the judgment, Lo argues, he is unable to determine who is or is not a gang member for purposes of complying with this condition.

■

A probation condition is subject to a vagueness challenge in that it must be sufficiently precise for the probationer to know what conduct is required of him or her. *People v. Lopez*, 78 Cal. Rptr. 2d 66, 76 (Cal. Dist. Ct. App. 1998); *see also Miller*, 175 Wis. 2d at 212, 499 N.W.2d at 218 (a defendant is entitled to know what conduct is forbidden before the initiation of probation revocation proceedings). The standards applicable to vagueness challenges to statutes are instructive on the question. The underlying basis for such a challenge is the procedural due process requirement of fair notice. *State v. Ehlenfeldt*, 94 Wis. 2d 347, 355, 288 N.W.2d 786, 789 (1980). A statute is unconstitutionally vague if it either fails to afford proper notice of the prohibited conduct or fails to provide an objective standard for enforcement. *State v. Smith*, 215 Wis. 2d 84, 91, 572 N.W.2d 496, 498 (Ct. App. 1997). "In order to give proper notice, a criminal statute must sufficiently warn people who wish to obey the law that their conduct comes near the proscribed area." *State v. Hahn*, 221 Wis. 2d 670, 677, 586 N.W.2d 5, 10 (Ct. App. 1998). We will not declare a statute to be unconstitutional on

vagueness grounds "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources." *Lopez*, 78 Cal. Rptr. 2d at 76 (quoted source omitted). We have held, however, that a statute is vague if a trier of fact is forced to create and apply its own standards of culpability, rather than apply the standards prescribed in the statute. *Hahn*, 221 Wis. 2d at 677, 586 N.W.2d at 10.

While the parties appear to agree that the gang-member/gang activity condition of Lo's probation may reasonably be read in light of the definitions in those sections of the criminal code dealing with gangs—notably §§ 939.22(9) and (9g), and 941.38(1)(b), STATS.—Lo maintains that even the statutes give inadequate notice as to how he must conduct himself to meet the terms of the condition.

Section 939.22(9g), STATS., defines "criminal gang member" as "any person who participates in criminal gang activity as [defined] in s. 941.38(1)(b), with a criminal gang." *See* § 939.22(9g), STATS. Section 939.22(9), defines a "criminal gang" as

> an ongoing organization, association or group of 3 or more persons, whether formal or informal, that has as one of its primary activities the commission of one or more of the criminal acts, or acts that would be criminal if the actor were an adult, specified in s. 939.22(21)(a) to (s); that has a common name or a common identifying sign or symbol; and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

"Criminal gang activity," as defined in § 941.38(1)(b), STATS., means

the commission of, attempt to commit or solicitation to commit one or more of the following crimes, or acts that would be crimes if the actor were an adult, committed for the benefit of, at the direction of or in association with any criminal gang, with the specific intent to promote, further or assist in any criminal conduct by criminal gang members.

█

We agree with the State that these definitions are sufficiently specific so that, when incorporated into the probation condition, they not only provide Lo with fair and adequate notice as to his expected course of conduct, but also provide an ascertainable standard for enforcement in that they do not permit a violation to be found on individualized or arbitrary standards as to what constitutes a "gang member." The condition is not unconstitutionally vague.[2]

Lo next argues that the condition of probation is overbroad because it requires him "to guess which members [of society] he is forbidden [to have] contact with." In Lo's view, his probation could be revoked if he has contact (a) with former gang members who have severed their gang associations, or (b) with persons not known to him to be gang members. We believe this argument, too, is dispelled by a commonsense reading of the condition.

---

[2] In so concluding, we reject Lo's argument that the only way for the probation condition to be construed as constitutional is to require that the term "gang member" apply only to individuals who have been adjudicated by the court as such. The Constitution requires only that the defendant receive adequate notice of his or her expected conduct; it does not require the prosecution to demonstrate every circumstance which would constitute a violation. *See People v. Lopez*, 78 Cal. Rptr. 2d 66, 75 (Cal. Dist. Ct. App. 1998).

■ Conviction of a crime invariably leads to restrictions on—and sometimes outright denials of—a defendant's constitutional rights. The test is not whether a particular probation condition restricts Lo's constitutional rights, but only whether the condition is so overbroad that it may not be said to reasonably relate to his rehabilitation. *Miller*, 175 Wis. 2d at 208, 499 N.W.2d at 216, *citing Edwards v. State*, 74 Wis. 2d 79, 84–85, 246 N.W.2d 109, 111 (1976). As before, we are guided in our inquiry by the standards governing overbreadth challenges to statutes.

> A statute is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to constitutionally protected conduct which the state is not permitted to regulate. The essential vice of an overbroad law is that by sweeping protected activity within its reach it deters citizens from exercising their protected constitutional freedoms, the so-called "chilling effect."

*State v. Neumann*, 179 Wis. 2d 687, 711, 508 N.W.2d 54, 63 (Ct. App. 1993) (*quoting Bachowski v. Salamone*, 139 Wis. 2d 397, 411, 407 N.W.2d 533, 539 (1987) (citation omitted).[3] As is the case with statutes, we decline to construe Lo's probation condition "in derogation of

---

[3] Because a reviewing court "must apply the overbreadth doctrine only with hesitation and as a last resort, the . . . challenge must be both 'real and substantial.'" *State v. Revels*, 221 Wis. 2d 315, 322, 585 N.W.2d 602, 606 (Ct. App. 1998) (*quoting State v. Janssen*, 213 Wis. 2d 471, 479, 570 N.W.2d 746, 750 (Ct. App. 1997)). Thus, we must be "confident in our prediction that the [statute] will deter [a] constitutionally protected [right]" before we may declare it unconstitutional on grounds of overbreadth. *Id.*

common sense." *State v. Clausen*, 105 Wis. 2d 231, 246, 313 N.W.2d 819, 826 (1982). Rather, we construe it to avoid unreasonable or absurd results. *Maxey v. Racine Redevelopment Auth.*, 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984).

Applying those principles to Lo's no-contact restriction, we conclude (a) that it does not apply to former, but only to current, gang members, and (b) that it does not apply to persons whom Lo could not reasonably be expected to know are members of a gang. In other words, a reasonable interpretation of the condition is that it requires that Lo not have contact with individuals whom he knows, or reasonably should know, are members of a gang. So viewed, it is not overbroad.[4]

---

[4] Our decision in this regard is consistent with limitations on a defendant's association with various groups that have been approved in other jurisdictions. In *People v. Lopez*, 78 Cal. Rptr. 2d at 75, a condition of Lopez's probation prohibited him from associating with any gang members or wearing, possessing or displaying any gang insignia or other markings of gang significance. Lopez, like Lo, claimed (among other things) that the condition was vague and overbroad. And while the court apparently agreed that it was overboard in that it prohibited Lopez from having contact with persons not known by him to be gang members, and from displaying insignia not known by him to be gang related, the court didn't reverse, but instead "modified" the condition to comport with its interpretation that the element of knowledge must be implied, and, further, to incorporate various statutory definitions into its terms. We don't believe we need to do so here, for what we decide in this opinion will control Lo's case from this point forward.

*See also, United States v. Showalter*, 933 F.2d 573 (7th Cir. 1991) (upholding a condition of supervised release prohibiting defendant from associating with "skinheads" and neo-Nazis);

■

Finally, Lo argues that the judgment of conviction is inconsistent with the court's oral pronouncement at sentencing. Specifically, the judgment of conviction states that "the defendant may have contact with his mother, but no other family members unless authorized by the Probation Officer and Court approved," while at the sentencing hearing, the court stated: "I will allow contact with his mother but no other gang members even if they are family members unless and until the probation agent says otherwise." When there is a conflict between the court's oral pronouncement of sentence and a written judgment of conviction, the oral pronouncement controls. *State v. Perry*, 136 Wis. 2d 92, 114, 401 N.W.2d 748, 758 (1987). Indeed, both parties agree that the judgment of conviction should be amended to reflect the provision as stated by the court at sentencing.

■

We therefore affirm the judgment based on our interpretation of the challenged probation conditions. We remand, however, to permit the court to correct the written judgment of conviction as just discussed.

*By the Court.*—Judgment affirmed and cause remanded with directions.

■

*Malone v. United States*, 502 F.2d 554 (9th Cir. 1974) (upholding a probation condition barring defendant from participating in any American Irish Republican movement, from belonging to any Irish organization, from participating in any Irish Catholic organization, from visiting any Irish pubs, and from accepting employment that would directly associate him with any Irish organization).