STATE of Wisconsin,
Plaintiff-Respondent,

v.

Eduardo Jose TRIGUEROS,
Defendant-Appellant.†

Court of Appeals

*No. 2004AP1701–CR. Submitted on briefs March 1, 2005.
—Decided April 12, 2005.*

2005 WI App 112

(Also reported in 701 N.W.2d 54.)

† Petition to review denied 8-25-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Eileen Miller Carter*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Gregory M. Weber*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. FINE, J. Eduardo Jose Trigueros appeals from a judgment entered on his guilty plea to posses-

sion of one gram or less of cocaine, with the intent to deliver, *see* WIS. STAT. § 961.41(1m)(cm)1g, and from an order denying his postconviction motion for sentence modification. Trigueros alleges that the trial court erroneously exercised its sentencing discretion. We affirm.

## I.

¶ 2. Eduardo Jose Trigueros was charged with possession of one gram or less of cocaine, with the intent to deliver, after a Milwaukee police officer found .29 grams of cocaine base in Trigueros's pants pocket during a pat-down search. As we have seen, Trigueros pled guilty. Before sentencing, the probation department prepared a presentence-investigation report. Trigueros told the report writer that he had been selling cocaine "off and on" for about twelve months. He also told the report writer he had smoked marijuana daily and had used cocaine, but that he had signed up for drug treatment at the United Community Center. The report writer recommended three years of probation.

¶ 3. At the sentencing hearing, the State recommended thirty-eight months of imprisonment, with an initial confinement of fourteen months, and twenty-four months of extended supervision. Trigueros's lawyer asked the trial court for probation. The trial court sentenced Trigueros to an imposed and stayed sentence of sixty months in prison, with an initial confinement of twenty-four months, and thirty-six months of extended supervision, and ordered that he serve four years on probation. As a condition of probation, the trial court ordered Trigueros to serve twelve months in the House of Correction under the Felony Drug Offender Alternative to Prison Program. The trial court also ordered

Trigueros not to have any contact with the drug community as a condition of probation and extended supervision.

## II.

¶ 4. Trigueros challenges his sentence on several grounds. First, he alleges that the trial court erroneously exercised its sentencing discretion and points to *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, which requires that trial courts "by reference to the relevant facts and factors, explain how the sentence's component parts promote the sentencing objectives." *Id.*, 2004 WI 42, ¶ 46, 270 Wis. 2d at 560, 678 N.W.2d at 208.[1] Trigueros argues that the trial court placed too much weight on the need to protect the public, and did not adequately consider what he alleges are mitigating character traits, including that he: (1) accepted responsibility for the crime; (2) was in a committed relationship and a parent to his son; (3) had "an established" employment history; (4) had excellent reading skills; and (5) came from a poor family. We disagree.

---

[1] *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, was decided after Trigueros was sentenced. *Gallion in haec verba* applies only to "future cases." *See id.*, 2004 WI 42, ¶ 76, 270 Wis. 2d at 572, 678 N.W.2d at 214 ("In sum, we reaffirm the standards of *McCleary* [*v. State*, 49 Wis. 2d 263, 182 N.W.2d 512 (1971),] and require the application to be stated on the record for *future cases*.") (emphasis added). Nevertheless, Trigueros's sentencing passes muster under *Gallion*'s gloss on *McCleary* and its progeny as well. *See State v. Stenzel*, 2004 WI App 181, ¶ 9, 276 Wis. 2d 224, 233, 688 N.W.2d 20, 24 ("While *Gallion* revitalizes sentencing jurisprudence, it does not make any momentous changes.").

¶ 5. Sentencing is committed to the discretion of the trial court, and our review is limited to determining whether the trial court erroneously exercised its discretion. *McCleary v. State*, 49 Wis. 2d 263, 278, 182 N.W.2d 512, 520 (1971). There is a strong public policy against interfering with the trial court's sentencing discretion, and the trial court is presumed to have acted reasonably. *State v. Wickstrom*, 118 Wis. 2d 339, 354, 348 N.W.2d 183, 191 (Ct. App. 1984). To get relief on appeal, the defendant "must show some unreasonable or unjustified basis in the record for the sentence imposed." *State v. Borrell*, 167 Wis. 2d 749, 782, 482 N.W.2d 883, 895 (1992).

¶ 6. The three primary factors a sentencing court must consider are the gravity of the offense, the character of the defendant, and the need to protect the public. *State v. Harris*, 119 Wis. 2d 612, 623, 350 N.W.2d 633, 639 (1984). The court may also consider the following factors:

> "(1) Past record of criminal offenses; (2) history of undesirable behavior pattern; (3) the defendant's personality, character and social traits; (4) result of presentence investigation; (5) vicious or aggravated nature of the crime; (6) degree of the defendant's culpability; (7) defendant's demeanor at trial; (8) defendant's age, educational background and employment record; (9) defendant's remorse, repentance and cooperativeness; (10) defendant's need for close rehabilitative control; (11) the rights of the public; and (12) the length of pretrial detention."

*Id.*, 119 Wis. 2d at 623–624, 350 N.W.2d at 639 (quoted source omitted); *see also Gallion*, 2004 WI 42, ¶¶ 59–62, 270 Wis. 2d at 565–566, 678 N.W.2d at 211

(applying the main *McCleary* factors—the seriousness of the crime, the defendant's character, and the need to protect the public—to Gallion's sentencing). The weight given to each of these factors is within the trial court's discretion. *Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975); *see also Gallion*, 2004 WI 42, ¶ 62, 270 Wis. 2d at 566, 678 N.W.2d at 211.

¶ 7. The trial court considered the appropriate factors when it sentenced Trigueros. It considered the seriousness of the crime, describing the devastating impact drugs have on families and children. It commented that not only do parents and children become addicted to drugs, but also that: "Drug trafficking brings violence into the neighborhoods. And that's exactly what the . . . Neighborhood Impact Statement describes here. It points out that there was a young man who was shot over drugs." The trial court also considered Trigueros's character, noting that he had no prior criminal record and that he was involved in a drug treatment program. In its decision and order denying Trigueros's motion for postconviction relief, the trial court further explained that at sentencing it had placed great weight on the negative impact drug dealing has on the community. It noted that it was aware of Trigueros's positive character traits, but that Trigueros's "willingness to become part of the problem by selling drugs reflected negatively upon his character and greatly influenced [its] sentencing decision." The trial court properly exercised its sentencing discretion.

¶ 8. Second, Trigueros claims that the trial court erroneously exercised its discretion because it did not consider probation as an option. Again, we disagree. In each case, the sentence imposed shall "call for the

minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant." *McCleary*, 49 Wis. 2d at 276, 182 N.W.2d at 519 (quoted source omitted). Here, as we have seen, the trial court considered the appropriate factors. Based upon those factors, including what it characterized in its decision and order denying Trigueros's motion for postconviction relief as his treatment needs, it determined that "probation . . . is appropriate," but that treatment in the Felony Drug Offender Alternative to Prison Program was a "critical part of that." This was an appropriate exercise of discretion.

■

¶ 9.   Third, Trigueros contends that the trial court erroneously exercised its discretion because it "ignored" the presentence-investigation report's recommendation that Trigueros be placed on probation. Trial courts, however, are not required to blindly accept or adopt sentencing recommendations from any source. *State v. Johnson*, 158 Wis. 2d 458, 465, 463 N.W.2d 352, 355 (Ct. App. 1990). Rather, a trial court must independently determine that a particular sentence is appropriate in light of the goals of sentencing as applied to the facts of the case.[2] *Ibid.* In its decision and order denying Trigueros's motion for postconviction relief, the trial

[2] In an argument undeveloped beyond mere contention, Trigueros also claims that the trial court's failure to consider the appropriate sentencing factors renders his sentence "excessive." Insofar as this argument incorporates Trigueros's argument that the trial court did not consider the appropriate sentencing factors, we have addressed it; to the extent that it goes beyond his sentencing-factor contentions, Trigueros does not develop it sufficiently for us to consider it. *See Barakat v. Department of Health & Soc. Servs.*, 191 Wis. 2d 769, 786, 530

court noted that it had considered Trigueros's presentence-investigation report, but was not required to adopt its sentencing recommendation. We agree. Again, there is no evidence that the trial court erroneously exercised its discretion.

¶ 10.  Finally, Trigueros challenges the condition that he have no contact with the drug community. At sentencing, the trial court told Trigueros that, as a condition of probation and extended supervision, he was:

> to have no contact with the drug community. By that, I mean you're not to associate or be with anyone or any place that drugs are being possessed, used, or sold. And so if you're hanging out with some people that you think are your buddies or family, and they have drugs and you don't get out of there and the police arrive, that — your mere presence is sufficient to revoke your probation and send you to prison, or revoke your extended supervision and send you back to prison.

Trigueros claims that this condition is unconstitutionally overbroad and vague, and thus violates his right to privacy and freedom of association. We address his contentions in turn.

■

¶ 11.  Trigueros argues that the condition that he have no contact with the drug community is overbroad because it is not related to his crime. He claims that it "overreaches into [his] private life yet promotes no legitimate rehabilitative objective." We disagree. Probation conditions " 'may impinge upon constitutional rights as long as they are not overly broad and are reasonably related to the person's rehabilitation.' "

N.W.2d 392, 398 (Ct. App. 1995) (we will not review arguments that are "amorphous and insufficiently developed").

*State v. Oakley*, 2001 WI 103, ¶ 19, 245 Wis. 2d 447, 469, 629 N.W.2d 200, 210 (quoted source omitted). *State v. Lo*, 228 Wis. 2d 531, 538, 599 N.W.2d 659, 663 (Ct. App. 1999), recognized that the standard for when a statute is overbroad applies to conditions of probation, and opined:

> A statute is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to constitutionally protected conduct which the state is not permitted to regulate. The essential vice of an overbroad law is that by sweeping protected activity within its reach it deters citizens from exercising their protected constitutional freedoms, the so called "chilling effect."

*Ibid.* (quoted source omitted).

¶ 12. The condition restricting Trigueros's association with the drug community is both reasonably related to his crime and to his rehabilitation as well as the need to protect the community. *See State v. Koenig*, 2003 WI App 12, ¶ 7, 259 Wis. 2d 833, 837, 656 N.W.2d 499, 501 ("While rehabilitation is the goal of probation, judges must also concern themselves with the imperative of protecting society and potential victims."). Trigueros told the presentence-investigation report writer that he had used marijuana and cocaine, but that he was " 'sincere in his efforts to maintain sobriety.' " The condition that Trigueros not have contact with the drug community will help Trigueros remain drug-free, and ensure that he does not sell drugs in the community again. *See United States v. Romero*, 676 F.2d 406, 406–407 (9th Cir. 1982) (condition that defendant " 'not . . . associate with any person who uses, sells, or in any other manner is unlawfully involved with any drugs' " is a "reasonable measure for appellant's rehabilitation and the protection of the public").

¶ 13. Trigueros also contends that this condition is unconstitutionally vague because he "cannot know what a 'drug community' is and yet the authorities can supply its [*sic*] own definition of a 'drug community' and find him in violation of the court order." Again, we disagree and again look to *Lo* for the appropriate standard. "A statute [and, therefore, a condition of probation] is unconstitutionally vague if it either fails to afford proper notice of the prohibited conduct or fails to provide an objective standard for enforcement." *Lo*, 228 Wis. 2d at 535, 599 N.W.2d at 661. "We will not declare a statute to be unconstitutional on vagueness grounds 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' " *Id.*, 228 Wis. 2d at 535–536, 599 N.W.2d at 662 (quoted source omitted).

¶ 14. Here, the trial court's oral pronouncement defines a "drug community" for Trigueros. The trial court specifically told Trigueros that he may not be around any person when, or be in any place where, "drugs are being possessed, used, or sold." This condition is clear and gives Trigueros fair notice of what a "drug community" is. *See City of Milwaukee v. Burnette*, 2001 WI App 258, ¶ 16, 248 Wis. 2d 820, 839–840, 637 N.W.2d 447, 456–457 (injunction prohibiting loitering in doorways, at bus stops, and by pay phones clear and gave fair notice). Moreover, Trigueros has pointed out no authority that gives him a right, as a convicted drug offender on probation, to associate with drug traffickers during the period of his probation. *See Barakat v. Department of Health & Soc. Servs.*, 191 Wis. 2d 769, 786, 530 N.W.2d 392, 398 (Ct. App. 1995). Indeed, as we have pointed out and as the trial court recognized,

staying away from drug traffickers is part of his rehabilitation and is consistent with the trial court's sentencing rationale of protecting the public.[3]

*By the Court.*—Judgment and order affirmed.

[3] Trigueros also alleges that the trial court erroneously exercised its discretion when it denied his postconviction motion for sentence modification. For the reasons discussed above, the trial court properly denied Trigueros's postconviction motion.