# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 17, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP705-CR**

Cir. Ct. No. **2012CF39**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

JOHN P. MCGRATH, III,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Wood County: JON M. COUNSELL and NICHOLAS J. BRAZEAU, JR., Judges. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. John McGrath, III, appeals a judgment of conviction for felony child abuse and a postconviction order denying his request to modify the conditions of his extended supervision.[1] McGrath challenges a condition that prohibits him from having contact with anyone under eighteen. He argues that the condition is unconstitutional on multiple grounds. We affirm.

## Background

¶2 McGrath was convicted of physical abuse of a child, recklessly causing great bodily harm, based on allegations that he assaulted his then-infant daughter. The circuit court initially withheld sentence and imposed ten years of probation.

¶3 McGrath's probation was later revoked. He was returned to the circuit court for sentencing, and the court imposed a prison term consisting of seven years of initial confinement and three years of extended supervision. As a condition of supervision, the court ordered McGrath "[n]ot to have any contact with any person under the age of 18 at all." The court stated that the condition was an "absolute prohibition," with "no exception for family members or any other purpose."

¶4 McGrath filed a postconviction motion seeking to modify the conditions of his extended supervision. He contended that the condition prohibiting contact with anyone under eighteen was unconstitutional and an

---

[1] The Honorable Jon M. Counsell presided at McGrath's sentencing. The Honorable Nicholas J. Brazeau, Jr., issued the postconviction order denying McGrath's request to modify the conditions of his extended supervision.

erroneous exercise of the circuit court's discretion. The circuit court denied the motion. We reference additional facts as needed below.

## Discussion

¶5 On appeal, McGrath argues that the condition prohibiting contact with anyone under eighteen (1) is unconstitutionally vague, (2) is unconstitutionally overbroad, and (3) violates his constitutional rights to the care, custody, and control of his children. For the reasons explained below, we reject McGrath's first two arguments, and we decline to address his third argument as forfeited.

### Standard of Review

¶6 "Sentencing courts have wide discretion and may impose any conditions of probation or supervision that appear to be reasonable and appropriate." *State v. Stewart*, 2006 WI App 67, ¶11, 291 Wis. 2d 480, 713 N.W.2d 165. Generally "[w]e review such conditions under the erroneous exercise of discretion standard to determine their validity and reasonableness measured by how well they serve their objectives: rehabilitation and protection of the state and community interest." *See id.* However, "[w]hether a particular condition violates a defendant's constitutional right is a question of law which this court reviews de novo." *Id.*, ¶12.

### Vagueness

¶7 We turn first to McGrath's argument that the condition prohibiting contact with anyone under eighteen is unconstitutionally vague. "A probation condition is subject to a vagueness challenge in that it must be sufficiently precise for the probationer to know what conduct is required of him or her." *State v. Lo*,

228 Wis. 2d 531, 535, 599 N.W.2d 659 (Ct. App. 1999).[2] "The underlying basis for such a challenge is the procedural due process requirement of fair notice." ***Id.***

¶8    We disagree with McGrath that the condition is vague, and instead agree with the State that the condition is exactly clear. As noted above, the circuit court stated that McGrath must have no contact "with any person under the age of 18 at all." The condition is an "absolute prohibition," with "no exception for family members or any other purpose." We conclude that the condition is easily "sufficiently precise" to allow McGrath to "know what conduct is required of him." *See **id.**[3]*

*Overbreadth*

¶9    We turn to McGrath's overbreadth argument. McGrath argues that the condition prohibiting contact with anyone under eighteen is unconstitutionally overbroad in violation of his First Amendment rights. We are not persuaded by McGrath's argument.

¶10    "Conviction of a crime invariably leads to restrictions on—and sometimes outright denials of—a defendant's constitutional rights." ***Id.*** Thus, the test for overbreadth in the context of a condition of supervision is not whether the

---

[2] We have stated that "authority relating to the propriety of conditions of probation is applicable to conditions of extended supervision." *See **State v. Koenig**, 2003 WI App 12, ¶7 n.3, 259 Wis. 2d 833, 656 N.W.2d 499 (2002).

[3] In arguing vagueness, McGrath contends that it will be impossible for him to comply with the condition. Impossibility does not show vagueness, and McGrath does not provide us with authority or a developed argument explaining how we would evaluate whether a condition is unconstitutional because compliance is impossible. Therefore, we consider McGrath's impossibility argument no further. *See **State v. Pettit**, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider inadequately developed arguments).

condition restricts constitutional rights, "but only whether the condition is so overbroad that it may not be said to reasonably relate to [the defendant's] rehabilitation." *See id.* "A condition is reasonably related to the [defendant]'s rehabilitation 'if it assists the convicted individual in conforming his or her conduct to the law.'" ***State v. Rowan***, 2012 WI 60, ¶10, 341 Wis. 2d 281, 814 N.W.2d 854 (quoted source omitted). When analyzing whether a condition is overbroad, we consider whether the circuit court made an "individualized determination" based on the particular facts of the case. *See id.*, ¶9.

¶11     In arguing that the condition prohibiting contact with anyone under eighteen is overbroad, McGrath contends that, any time he goes out in public, he may be exposed to inadvertent contact with minors. He argues that he will be placed in the difficult position of having to determine if individuals he encounters in public are minors, whether he is at a store, a public gathering, walking down the street, or engaged in other everyday activities. McGrath argues that the condition is not reasonably related to his rehabilitation because the conduct that triggered the revocation of his probation in this case was directed at a family member, not at persons under eighteen in general or the public in general.

¶12     The State counters that the condition is not overbroad given all of McGrath's particular circumstances, and that the condition is reasonably related to McGrath's rehabilitation and to the protection of the public. We agree with the State.

¶13     When the circuit court imposed the condition, it took into account McGrath's individual circumstances, which included McGrath's history of probation violations. As most relevant here, these circumstances included McGrath's history of failing to comply with less restrictive conditions limiting his

contact with minors. This history is described in detail in McGrath's probation revocation summary. We need not repeat all of that history here but will summarize some of the most pertinent circumstances.

¶14 McGrath was placed on probation in 2007 in a prior case involving sexual assault of a minor victim. As a condition of his probation in that case, the court ordered McGrath to have no contact with females under eighteen, other than family members. McGrath violated the condition by having sexual intercourse with the victim again when she was sixteen.

¶15 Subsequently, in 2012, when McGrath initially received probation for his child abuse conviction in this case, the circuit court imposed conditions limiting his contact with minors. The court ordered McGrath (1) not to have contact with anyone under eighteen without prior approval of his probation agent, and (2) not to have contact with his own children unless supervised.

¶16 Between 2013 and 2017, McGrath violated both of these conditions in multiple respects. He entered into a relationship with a woman with a two-year-old grandchild who McGrath spent time around; appeared on school grounds to pick up his son without a chaperone; spent significant time alone with his children watching movies; slept in bed with his son; and was accused of repeatedly sexually assaulting his then-five-year-old daughter.

¶17 McGrath's history showed multiple and persistent violations of probation conditions and, most significantly for purposes here, it showed that McGrath was not deterred by less restrictive prohibitions on contact with minors. It further showed that McGrath's probation violations included conduct involving children other than his own.

¶18    McGrath cites case law addressing the overbreadth of statutes or probation and supervision conditions in a variety of contexts, but none of those cases involve a similar prohibition based on circumstances similar to McGrath's. Thus, these cases do not persuade us that the condition imposed on McGrath is "so overbroad that it may not be said to reasonably relate to [McGrath's] rehabilitation." *See Lo*, 228 Wis. 2d at 538. Although a supervision condition prohibiting all contact with anyone under eighteen could be overbroad in different circumstances, we are satisfied that it is not overbroad in the circumstances here.[4]

*McGrath's Constitutional Rights To Parent His Children*

¶19    We turn finally to McGrath's argument that the condition prohibiting contact with anyone under eighteen is unconstitutional because it violates his constitutional rights to the care, custody, and control of his children. We decline to address this argument because we agree with the State that McGrath forfeited the argument by failing to raise it in the circuit court. *See Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (issues not raised in the circuit court are forfeited); *Greene v. Hahn*, 2004 WI App 214, ¶21, 277 Wis. 2d 473, 689 N.W.2d 657 (except in rare circumstances, "we will not address an issue that an appellant raises for the first time on appeal").

---

[4] McGrath argues that, even if the condition is constitutional, it was still an erroneous exercise of the circuit court's discretion because it was not "reasonable and appropriate." *See State v. Stewart*, 2006 WI App 67, ¶11, 291 Wis. 2d 480, 713 N.W.2d 165 ("Sentencing courts … may impose any conditions of probation or supervision that appear to be reasonable and appropriate."). For the reasons already discussed in rejecting McGrath's constitutional arguments, we also reject McGrath's argument that the condition was an erroneous exercise of discretion because it was not reasonable and appropriate.

¶20 McGrath argues that we should not apply the forfeiture rule because his postconviction motion contains references to his right to due process. He argues that "[a] common sense understanding of an individual's right to due process and freedom from unduly restrictive provisions would include a fundamental liberty right to be involved with their children." We disagree. "At a minimum, a motion, whether made pretrial or postconviction, must '[s]tate with particularity the [factual and legal] grounds for the motion.'" *State v. Allen*, 2004 WI 106, ¶10, 274 Wis. 2d 568, 682 N.W.2d 433 (alteration in original) (quoted source omitted).

¶21 McGrath also argues that, based on the procedural history of this case, he reasonably expected that he would have the opportunity to present briefing or oral argument in support of his motion, but the circuit court deprived him of that opportunity. Assuming, without deciding, that this was a reasonable expectation, McGrath does not show that he also had a reasonable expectation that he would be allowed *to raise additional issues* in briefing or oral argument. Thus, McGrath fails to persuade us that the lack of briefing or oral argument in the circuit court should preclude our application of the forfeiture rule.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2017-18).