COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP970-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF154

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHRISTOPHER LYNN MOORE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Marinette County: JAMES A. MORRISON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Christopher Moore appeals from a drug conviction and an order denying, in part, his postconviction motion to clarify or modify a

condition of his extended supervision. He challenges a condition of his supervision requiring him to obtain preapproval from his probation agent before using prescription drugs. We affirm.

## BACKGROUND

¶2    Based upon numerous items seized during a traffic stop, the State charged Moore with one count of possession with intent to deliver cocaine, one count of possession with intent to deliver ecstasy, and one count of possession of drug paraphernalia, each as a repeat offender and as a second or subsequent offense. Moore eventually pleaded no contest to the count of possession with intent to deliver cocaine, in exchange for the dismissal of the other counts as read-in offenses, dropping the sentence enhancers, and the dismissal of a charge in another case.

¶3    The circuit court sentenced Moore to five years' initial confinement and five years' extended supervision. When imposing conditions for Moore's extended supervision, the court stated:

> Absolute sobriety, no alcohol, no drugs, even legal drugs. The only exception to that will be legal drugs that have been prescribed by your physician and that are taken pursuant to the prescription and only after the agent approves. If you happen to live anywhere in the world where THC is legal, it is illegal in Wisconsin, and therefore, you may not use it.
>
>  ….
>
> It's illegal here. It's illegal today. So even if they legalize it tomorrow, it's illegal to you for the rest of your sentence, no matter where in the universe you live. If you need to take a prescription medication, if, for instance, you might have prescription medication directed as part of a—as part of a treatment program, you can do that, but only if your agent approves in advance.

The judgment of conviction memorialized this condition of extended supervision with the notation: "No alcohol, no illegal or legal drugs except with a valid prescription by Dr. and agent approved."

¶4    Moore moved to modify or clarify the condition that he obtain preapproval for "legal drugs." He claimed that the preapproval condition represented an erroneous exercise of discretion and violated his Eighth Amendment right against cruel and unusual punishment because it was overly broad. Moore argued that the condition, as written, would prohibit things such as drinking a cup of green tea without first calling a doctor and his agent, and it would prevent medical personnel from administering epinephrine in response to an allergic reaction. Moore proposed that the condition be reworded to state: "No alcohol, no illegal drugs, no marijuana, no reasonably abusive prescription medication without a valid prescription and approval by the agent; however, medically necessary drugs can be used in time of emergency."

¶5    The circuit court granted the motion in part. At the postconviction hearing, the court clarified:

> What I always say and what I intend to say is that he may not use any alcohol, any illegal drugs, including marijuana, whether it's legal in some other state or not, it's illegal for him; or he may not use any prescription medication except pursuant to a valid prescription, taken as prescribed, and with the advance approval of his agent, the only exception being stuff he gets in the hospital when he's unconscious. That's what I always say.

The court agreed that the preapproval condition for "legal drugs" could be modified in conformity with the court's revised wording at the postconviction hearing. The court also clarified that the preapproval condition did not apply to caffeine. The court subsequently entered an order directing that the judgment of

3

conviction be amended to state: "No alcohol, no illegal drugs, no marijuana, no prescription drugs without advance approval of an agent and pursuant to a doctor's prescription." However, the court refused to further modify the preapproval condition by limiting it to "reasonably abusive prescription medication."

¶6      Moore now appeals. He contends that the amended condition of supervision still represents an erroneous exercise of discretion and a violation of the Eighth Amendment because it requires preapproval for what he deems are "non-abusive prescription drugs" and "life-saving emergency drugs."

## DISCUSSION

¶7      As a threshold matter, we disagree with Moore's characterization of the preapproval condition of his supervision as applying to "life-saving emergency drugs." Many prescription drugs are used to treat potentially life-threatening conditions, and thus could be viewed as "life-saving." However, medical personnel issue written prescriptions for drugs to patients in advance of, not in response to, an emergency situation. Drugs administered by medical personnel in an emergency situation are not obtained or used by prescription, and they are therefore outside the scope of the preapproval condition at issue here. Any other interpretation of the preapproval condition would be absurd. *See* ***State v. Lo***, 228 Wis. 2d 531, 537, 599 N.W.2d 659 (Ct. App. 1999) (conditions of supervision should be given "commonsense" constructions). We therefore limit our discussion below to whether requiring preapproval for what Moore refers to as "non-abusive prescription drugs" represents an erroneous exercise of discretion or a violation of the Eighth Amendment.

¶8      A circuit court has wide discretion to impose "reasonable and appropriate" conditions of supervision. ***State v. Stewart***, 2006 WI App 67, ¶11,

4

291 Wis. 2d 480, 713 N.W.2d 165. We review the reasonableness of such conditions under the erroneous exercise of discretion standard, "measured by how well they serve their objectives: rehabilitation and protection of the state and community interest." *Id.* In addition, we will independently determine whether a particular condition violates a defendant's constitutional rights. *Id.*, ¶12.

¶9     Moore first contends the preapproval condition imposed by the circuit court is neither reasonable nor appropriate. He argues that requiring an agent's preapproval for his use of non-abusive prescription drugs does not further the goal of rehabilitation because he was not charged with abusing such drugs. He further asserts that the public would have no need to be protected from his use of non-abusive prescription drugs. We disagree with both points.

¶10     A condition that would assist the supervised individual "in conforming his or her conduct to the law" is reasonably related to both the rehabilitation of the offender and the protection of the public. *State v. Oakley*, 2001 WI 103, ¶¶18-21, 245 Wis. 2d 447, 629 N.W.2d 200. Here, the read-in offenses and Moore's extensive criminal history showed that Moore had been selling more than one type of illegal drug and that he was also using illegal drugs himself. Moore also admitted to both presentence investigation report authors that that he had used and sometimes abused numerous legal intoxicating substances in the past—including alcohol, tobacco, and prescription pills. It is not unreasonably "theoretical," as Moore contends, to consider that Moore might turn to selling or trading prescription drugs in an attempt to replace his lost income stream, or to continue to feed his own drug habit by abusing prescription drugs.

¶11     Moreover, we are not persuaded the term "non-abusive prescription drugs" is useful, because any prescription drug could be abused if taken in

excessive quantities, or if used by a person to whom it was not prescribed or to whom it was prescribed based upon invented or exaggerated ailments. Moore's agent would be in a position to observe whether Moore was, in fact, acting in conformity with any claimed ailments for which he sought prescriptions. In short, requiring Moore to obtain preapproval for prescription drugs is a reasonable and appropriate measure to ensure that Moore can obtain and use only those prescriptions that truly meet his medical needs and that he is unlikely to sell, trade, or abuse himself.

¶12 Moore next contends that requiring him to obtain agent approval before using prescription drugs constitutes a "cruel and unusual punishment" that could adversely impact his health. *See* U.S. CONST. amend. VIII. He cites no case in which a similar preapproval condition has been found unconstitutional, however, and he provides no argument as to how the preapproval condition here would qualify as "punitive" under the intents-effects tests used to evaluate Eighth Amendment claims. *See **State v. Muldrow***, 2018 WI 52, ¶¶30-31, 381 Wis. 2d 492, 912 N.W.2d 74. Instead, Moore argues that the condition is cruel and unusual because it is "grossly disproportionate to the severity of the crime" and "so excessive and unusual … as to shock public sentiment."

¶13 The disproportionality test Moore relies upon is generally used to determine whether the *length* of a sentence is unduly harsh or unconscionable. *See **State v. Ninham***, 2011 WI 33, ¶85, 333 Wis. 2d 335, 797 N.W.2d 451. Again, Moore has cited no case applying the disproportionality test to a condition of probation in the context of an Eighth Amendment claim. Even if the disproportionality test could be applied to a condition of probation, we have already explained why the preapproval condition at issue here was reasonable and appropriate. For the same reasons, we do not find it to be a disproportionate

response to Moore's conviction for possession with intent to deliver cocaine, in conjunction with the additional read-in offenses and Moore's criminal history. We conclude the circuit court properly denied Moore's Eighth Amendment claim, as well as his challenge to the court's exercise of its discretion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).